**This document was signed electronically on August 1, 2024, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: August 1, 2024**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| ACME HOSPITALITY, LLC | ) | CASE NO. 24-50077 |
| | ) | |
| Debtor and Debtor-in-Possession | ) | JUDGE KOSCHIK |
| | ) | |
| (Employer Tax I.D. No 82-2645533) | ) | |
| | ) | |
| DEBTOR | ) | |

## ORDER CONFIRMING PLAN

This matter came before the court for consideration upon the filing of *Debtor's Second Amended Plan of Reorganization Dated May 31, 20*24 [docket no. 69], the Court's *Order on Motion For Establishment of Applicable Hearing Dates and Deadlines for Plan* [docket no. 68], the *Objection to Amended Chapter 11 Plan Reorganization* filed by Huntington National Bank ("Huntington" and the "Huntington Objection") [Docket No. 77], the Debtor's *Notice of Amended Proposed Treatment of Class 3 & Adjournment of Confirmation Hearing* [docket

no. 89], the *Declaration of Jerad Miller in Support of Confirmation of Plan* [docket no. 92]; and

The Court having considered the Debtor's Plan (defined below) and Summary of Chapter 11 Ballots [docket no. 78]; the Court having held hearings on the matter on July 9, 2024, and July 30, 2024 (together, the "Confirmation Hearing"), and having considered the evidence before it and statements of Debtor's counsel and other parties in interest appearing before the Court; and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1408 and/or 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Plan and the amended treatment of Class 3 as unimpaired under the plan was sufficient under the circumstances, and (v) that the other than the Huntington Objection, no objections having been filed in opposition to the Plan, and the Huntington Objection having been resolved as evidenced as indicated below by signature of counsel, hereby makes the following findings of fact and conclusions of law and orders that:[1]

A. The Plan complies with the applicable provisions of chapter 11 of the Code – Section 1129(a)(1);

B. The proponent of the Plan complies with the applicable provisions of the Code - Section 1129(a)(2);

C. The Plan has been proposed in good faith and not by any means forbidden by law - Section 1129(a)(3);

---

[1] This confirmation order constitutes this Court's findings of fact and conclusions of law under Rules 52 of the Federal Rules of Civil Procedure, as made applicable by the Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. 7052.

24-50077-amk    Doc 93    FILED 08/01/24    ENTERED 08/02/24 08:24:06    Page 2 of 29

D. That any payment made or promised by the proponent to professionals under the Plan, is subject to approval of this Court upon application by such professionals - Section 1129(a)(4);

E. The proponent of the Plan has disclosed the identity and affiliations of any individual proposed to conduct, after confirmation of the Plan, and as applicable, post-confirmation management as successor to the debtors-in-possession, being responsible for filing post-confirmation reports, payment of UST fees, and making distributions to creditors pursuant to the Plan - Section 1129(a)(5);

F. Any rates charged by Debtor are not subject to governmental regulation - Section 1129(a)(6);

G. With respect to each impaired class of claims or interests, Class 4 has accepted the Plan and each claim in an impaired class will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under a chapter 7 of this title on such date - Section 1129(a)(7);

H. With respect to each class of claims or interests, Class 4 has accepted the Plan,. - Section 1129(a)(8);

I. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

  a. with respect to a claim of a kind specified in sections 507(a)(l) or 507(a)(2) of the Code, on the effective date of the Plan, the holder of such claim will

receive on account of such claim cash equal to the allowed amount of such claim;

b. with respect to a class of claims of a kind specified in sections 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Code, each holder of a claim of such class will receive, if such class has not accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or, if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; and

c. with respect to a claim of a kind specified in section 507(a)(8) of the Code, the holder of such claim will receive an account of such claim deferred cash payments, over a period not exceeding 5 years after the date of the order for relief under Section 301, 302 or 303, of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; and further, paid in a manner not less favorable than the most favored non priority unsecured claim - Section 1129(a)(9);

J. At least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class - Section 1129(a)(10);

4

K.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan -  Sections 1129(a)(11) & 1191(c)(3)(A);

L.  The Plan provides payment of all court fees and United States Trustee fees are not applicable in subchapter V cases -  Section 1129(a)(12);

M.  The Plan includes a sufficient background history, liquidation analysis and projections – Section 1190(1);

N.  The Plan provides for future revenues to be committed to the Plan – Sections 1190(2) & 1191(c)(2);

O.  The Plan provides for lien retention and deferred cash payments totaling at least the value of claims as of the effective date of the Plan for all secured claims – Sections 1191(c)(1) & 1129 (b)(2)(A);

P.  The Plan provides appropriate remedies to creditors in the event of default – Section 1191(c)(3)(B);

Q.  Debtor has met all of applicable requirements of Sections 1129(a), 1190 and 1191.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Second Amended Plan of Reorganization dated May 31, 2024 (the "Plan"), filed by ACME Hospitality, LLC, a copy of which is attached hereto and incorporated herein as **Exhibit A**, and as modified herein, is confirmed pursuant to 11 U.S.C. §1191(a).

2.  The Effective Date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of

5

the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

3.  A discharge under 11 U.S.C. §1141(d)(1)(A) is hereby granted to ACME Hospitality, LLC. as of the Effective Date of the Plan.

4.  The claim of Huntington asserted under Proof of Claim No. 8 shall be treated as fully secured. The Debtor shall make monthly payments after confirmation on its two promissory notes with Huntington as the payments become due in the ordinary course. Any arrearage amount due on the effective date shall be paid by the Debtor in addition to its regular payments in equal instalments over the next twelve (12) months, beginning September 1, 2024.

5.  The Debtor's financial projections attached to the Debtor's Plan as Exhibit C are revised as follows – the line item for Subchapter V Trustee Fees in the amount of $500/mo. is hereby replaced with the debt service expense of Huntington on account of its interest only payment on the Note x137 in the approximate variable amount of $454.20. The resulting monthly net disposable income is increased by $45.80, to $878.37.

6.  The Debtor shall commence suit for any Avoidance Actions under Chapter 5 of the Bankruptcy Code within thirty days of the effective date of the Plan.

7.  Fee applications for all professionals shall be filed with the court within thirty days of the Effective Date of the Plan.

8. In accordance with 11 U.S.C. § 1183(c)(1), the Subchapter V Trustee's services shall automatically terminate upon the Plan's substantial consummation. The Subchapter V Trustee shall file a notice of discharge on the docket.

9. No later than fourteen (14) days after the Effective Date, the Debtor shall file and serve a notice of discharge under 11 U.S.C. §1141(d)(1)(A).

10. No later than fourteen (14) days after the Plan's substantial consummation, the Debtor shall (i) file the notice required under section 1183(c)(2), and (ii) as soon as practicable, file a motion for the case to be closed and for a final decree.

11. The case shall not be closed until after payment of all approved professional fees, including the subchapter V trustee fees.

12. The debtor shall file quarterly periodic reports detailing disbursements made pursuant to Plan no later than the 20th day after the end of each quarter until such time as the above-captioned case is closed.

13. Any notices or request by parties in interest under or in connection with the Plan shall be in writing and served upon Steven Heimberger of Roderick Linton Belfance, LLP of 50 South Main Street, 10th Floor, Akron, OH 44308, sheimberger@rlbllp.com.

14. Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, it is appropriate for this Court, except as otherwise provided in the Plan or herein, to retain jurisdiction over the Chapter 11 Case and all core proceedings arising under the Bankruptcy Code or arising in the Chapter 11 Case to the fullest extent permitted by applicable law.

**IT IS SO ORDERED.**

### ###

Submitted by:

Roderick Linton Belfance LLP

*/s/* Steven J. Heimberger
STEVEN J. HEIMBERGER (#0084618)
50 South Main Street, 10th Floor
Akron, Ohio 44308
Tele: (330) 434-3000
Fax: (330) 434-9220
sheimberger@rlbllp.com
*Counsel for Debtor and*
*Debtor in Possession*

No Objection:

*/s/ Chris Niekamp*
CHRISTOPHER NIEKAMP (#308400)
Buckingham Doolittle & Burrough LLC
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone:  330-376-5300
Email:  cniekamp@bdlaw.com
*Counsel for Creditor, Huntington National Bank*

8

## CERTIFICATE OF SERVICE

***Via ECF:***

- M. Colette Gibbons     colette@mcgibbonslaw.com
- Steven Heimberger     sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com
- Shanna M. Kaminski     skaminski@kaminskilawpllc.com
- Spencer Lutz     spencer.lutz@usdoj.gov
- Christopher Niekamp     cniekamp@bdblaw.com
- United States Trustee     (Registered address)@usdoj.gov

***Via Regular US Mail:***

All parties listed on the creditor matrix.

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| ACME HOSPITALITY, LLC | ) | CASE NO. 24-50077 |
| | ) | |
| | ) | |
| Debtor and Debtor-in-Possession | ) | JUDGE KOSCHIK |
| | ) | |
| (Employer Tax I.D. No 82-2645533) | ) | |
| | ) | Plan of Reorganization for Small |
| | ) | Business Under Chapter 11 |
| DEBTOR | ) | Subchapter V |

**ACME HOSPITALITY, LLC'S**
**2ND AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2024**

**A.  Brief History of the Debtor's Business**

ACME Hospitality, LLC (the "Debtor") is a for-profit corporation formed under the laws of the State of Ohio, providing food and beverage services with its primary business operations being located at 700 Medina Street in Lodi, Ohio and a second carry-out only location at 1329 N. Carpenter Road in Brunswick, Ohio.  Prior to Debtor incorporating in 2017, it has been family-owned and operated by second-generation owner Jerad Miller and his family since 2011 under the dba Moxies Grille.   The Debtor has one (1) member: Jerad Miller.  The Debtor currently employs approximately ten (10) full-time employees and twenty-one (21) part-time employees.

Events Leading to Chapter 11 Filing

Debtor was an established business at the time that it was acquired and incorporated by Jerad Miller with only one location.  Debtor operated the business for approximately one year and three months when Covid-19 Pandemic began which forced Debtor to close its doors for approximately three months.  Prior to the pandemic, Debtor had minimal revolving debt – a line of credit with Huntington National Bank which was obtained to complete necessary maintenance on the restaurant.

Upon reopening, Debtor needed cash in order to restart operations and had to make several repairs to its building, including changes to comply with COVID-19 regulations.  Costs of goods for the business had risen dramatically, and Debtor struggled to find enough employees to operate efficiently.  Most of Debtor's employees began working 40-60 hours per week in order to operate the business.  Initially, Debtor was able to utilize funds from an SBA loan to address rising food costs and payroll expenses.  In November 2022, as operating costs continued to rise, Debtor was

unable to cover operating costs from revenues and obtained a loan form ODK Capital, LLC to cover payroll. Debtor obtained several merchant cash advance loans throughout 2023 to sustain operating costs and to service its debts. The combined debt repayment schedules for the loans were not sustainable and caused Debtor to default on multiple obligations. Shortly before filing, several of the MCA's attempted attachments on Debtor's receivables.

Because of the debt incurred as a result of COVID-19 and the aggressive action of the merchant cash advance lenders, a reorganization under Chapter 11 was determined by Debtor's management to be the best and only chance to save the business and continue to operate.

<u>Overview of Events During Bankruptcy Case</u>

**First Day Motions and Bar Date**

At the outset of the case, the Debtor obtained court approval to pay pre-petition wages to employees and to continue use of its cash to maintain operations and to pay for post-petition operating expenses. Debtor is currently authorized to continue using cash collateral through June 25, 2024. On January 24, 2024, the Court entered an Order establishing claims bar dates. The Non-governmental Bar Date is April 1, 2024, and the Government Bar Date is July 20, 2024.

**Operations**

Since filing, the Debtor has continued to operate out of both of its locations. The only material change in operations since the filing date is Debtor has focused additional efforts on offering catering services to local Medina business which offer other amenities and services to customers but require outside food services. The Debtor anticipates the additional revenues generated from the catering service will allow Debtor to stabilize cash flows throughout any historically cyclical decline in revenue throughout the year.

The Debtor has operated at a loss in each of the last four years. Since filing, without the burden of the prepetition debt service, the Debtor's operations have returned the Debtor to sufficient profitability to reorganize its finances as proposed by the Plan. The Debtor's projected sales are anticipated to increase modestly over the course of the next three years, but also with an increase in costs.

**B. <u>Liquidation Analysis</u>**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as <u>Exhibit A</u>.

**Chapter V Avoidance Actions**

The Debtor has reviewed its records and bank statements to determine whether there were any transfers that would give rise to an Avoidance Action under Chapter 5 of the Bankruptcy Code. A list of the entities and amount of potential transfers is set forth on the attached <u>Exhibit B</u>.

The Debtor will preserve all preference actions, including against each of the creditors identified in this section, and will review and pursue the recovery of some, if not all, of the above transfers in its sole business judgment. It may not be economical to pursue all of the preference actions as the creditors may have valid defenses available in any recovery action, therefore the likelihood of success in any avoidance action is unknown at this time.

**C.  Ability to make future plan payments and operate without further reorganization.**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Debtor has provided projected financial information as Exhibit C.

The Debtor's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) set forth on Exhibit C. Over the life of the Plan, or until such time as Allowed Claims are paid in full, the Debtor will pay at a minimum the projected disposable income as required by 1191(d) of the Bankruptcy Code, regardless of the Debtor's actual disposable income.

The final Plan payment is expected to be paid on or before July 1, 2027.

## Article 1: Summary

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from Debtor's projected disposable income.

This Plan provides for:  (3) classes of secured claims;
(1) classes of unsecured claims; and
(1) class of equity security holders.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

## Article 2: Classification of Claims and Interests

2.01   Class 1   -   The secured claim of Huntington National Bank ("Huntington"), on account of its promissory note ending x137 in the amount of $48,887.90[1]. The remaining claim of Huntington on account of its promissory note ending x187 shall be treated as a Class 4 Claim.

2.02   Class 2   -   The secured claim of BMW Financial Services ("BMW").

2.04   Class 3   -   The secured claim of Itria Ventures, LLC ("Itria").

2.03   Class 4   -   All non-priority unsecured claims, including undersecured

[1] The amount as set forth in proof of claim no. 8.

creditors, allowed under §502 of the Code.

2.04    Class 5          -        Equity interests of the Debtor.

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims and Quarterly and Court Fees

3.01    Unclassified claims -    Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative -        Each holder of an administrative expense claim allowed under
        Expense Claims          §503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The estimated amount of such claims, which includes the Subchapter V Trustee and Counsel for Debtor, is $25,000.

3.03    Priority tax claims -    Each holder of a priority tax claim will be paid in full on the effective date of this Plan, in cash. The estimated amount of such claims is $1,935.29.

3.04    Statutory Fees   -      All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05    Prospective    -       Not applicable in Subchapter V cases.
        Quarterly Fees

### Article 4: Treatment of Claims and Interests Under the Plan

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment | Total Claim Amount |
|---|---|---|---|
| Class 1 – Claim of Huntington for Promissory Note x137 – POC No. 8. | Unimpaired | Class 1 is unimpaired by the Plan. Huntington shall retain its security interest in its collateral and be paid in the ordinary course of business as payments, currently $1,104.48, become due and payable under the note. | $48,887.90 |
| Class 2 – Secured Claim of BMW – POC No. 3 | Unimpaired | Class 2 is unimpaired by the Plan. BMW shall retain its security interest in its collateral and be paid in the ordinary course of business as payments in the | $22,571.69 |

| | | amount of $565.27 become due and payable under the note. | |
|---|---|---|---|
| Class 3 – Secured Claim of Itria – POC No. 12 | Impaired | Class 3 is Impaired by this Plan. The Debtor shall surrender any interest Debtor has in an Employee Retention Tax Credit ("ERTC") to claimant. Any remaining balance due on the claim shall be treated as a Class 4 Claim. | $184,162.56 |
| Class 4 – General Unsecured Claims | Impaired | Class 4 is Impaired by this Plan. The Debtor shall pay Class 4 claimants a total sum of $36,000, in equal installments over the course of thirty-six (36) months, beginning August 1, 2024. | $1,301,755.79 |
| Class 5 – Equity interest holders | Unimpaired | Class 5 is unimpaired by this Plan. The holder of an equity interest in the Debtor shall retain their interest in the reorganized debtor upon confirmation of the Plan. | N/A |

A summary of claims and the anticipated distributions to Class 4 claimants under the plan is attached hereto as <u>Exhibit D.</u>


## <u>Article 5: Allowance and Disallowance of Claims</u>


5.01    Disputed claim    -    A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

        (i)    a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

        (ii)    no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

        (iii)    The Deadline to object to claims shall be the later of (a) the Effective Date of the Plan, or (b) thirty days after the filing of a proof of claim.

5.02    Delay of distribution - No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. Debtor shall reserve/escrow funds otherwise payable on a disputed claim until such time as the claim dispute is resolved.

| | | |
|---|---|---|
| 5.03 | Settlement of disputed claims. | - | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |
| 5.04 | Surrender of Collateral | - | With respect to any collateral surrendered by Debtor under the Plan, any resulting deficiency shall be treated as an allowed Class 4 Claim, such Creditor shall be entitled to participate in Class 4 distributions commencing with the first distribution after the date the collateral is liquidated.  Upon liquidation of the collateral, such Creditor shall provide notice to the Debtor and Debtor's counsel with an accounting of the Claim and application of all proceed to such Claim and may file a Proof of Claim within thirty (30) days of such notice. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01    Assumed executory contracts and unexpired leases

(a) The Debtor assumes the following executory contracts and/or unexpired leases upon the effective date of this Plan:

1. Real property lease with 700 Medina Street LLC - Lease of 700 Medina St.,, Lodi, OH 44254 ending 5 year term ending December 2028

2. Real property lease with Select-KM Plaza, LLC - Lease of Unit 19, The Shoppes at Brunswick Place, located in Brunswick, Ohio - 5 yr term ending 3/31/26.

(b) Except for executory contracts and unexpired leases that have been assumed before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

7.01    Debtor shall make plan payments from ordinary income of the business and proceeds from the recovery of any avoidance actions, if any.

Upon the effective date of the Plan, or upon court approval, Debtor shall make payment in full of approved administrative expense claims and unclassified tax claims.

The Debtor shall pay the holder of Class 1 and Class 2 claims regular monthly payments in the amount of $1,104.48 and $565.27, respectively, as they become due in the ordinary course of business.

Debtor has no knowledge of the status of any ERTC or whether Debtor will be determined eligible to receive the ERTC. In the event Debtor receives funds as result of the application for the ERTC, Debtor shall surrender said funds immediately to the Class 3 Claimant.

The Debtor shall pay the holders of Class 4 claims the total sum of $36,000, *prorata*, in equal monthly installments of for a period of thirty-six (36) months. Debtor shall distribute, *pro rata*, the monthly sum of $1,000.00 to all Class 4 claimants. In addition, the Debtor shall distribute 50% of the recovery, net of costs, in any avoidance action to Class 4 claimants, on a *pro rata* basis, upon approval of the Court.

7.02      Except as otherwise provided for in this Plan or in any contract, instrument, release, or other agreement or document entered into in connection with this Plan, the Debtor and its successors and assigns, retains and may enforce any claims, rights, and causes of action that the Debtor or the estate may hold against any entity, including, but not limited to, any Avoidance Actions. The Debtor, in its capacity as reorganized Debtor shall be authorized and empowered to prosecute and/or settle any such claims, rights or causes of action.

7.03      <u>Release of Liens</u> – Except as otherwise provided in this Plan, or in any contract, instrument, release, or other agreement or document created in connection with this Plan, on the Effective Date, all liens, or other security interests against the property of the estate, or against property that is collateral for any obligation of the Debtor, will be fully released and discharged, and all of the rights, titles, and interests of any holder of such liens or other security interests will revert to the Debtor and its successors and assigns.

If any holder of a claim in Class 3 or Class 4 that has filed financing statements, assignments, security agreements, leases, lis pendens, or other documents or agreements evidencing security interests in any of the Debtor's assets shall not have delivered to the Debtor no later than forty-five (45) days after the Effective Date in proper form for filing and executed by the appropriate parties, then (a) the Debtor is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Debtor's assets, and (b) the Debtor is hereby authorized to file, register, or otherwise record a certified coy of the Order confirming the Plan, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all security interests in the Debtor's assets of any kind or nature whatsoever.

7.04      Jerad Miller, the sole and managing member of the Debtor, shall act as disbursing agent for making payments under this Plan, and may be reached with questions directly at (216) 262-6220 or <u>jeradmiller90@yahoo.com</u>.

7.05      The Debtor is authorized to obtain new credit to pay off the balance of claims or a portion of claims as may be due under the plan after confirmation without further approval from the court.

## Article 8: General Provisions

8.01    Definitions and     -    The definitions and rules of construction set forth in §§ 101 and
        rules of                 102 of the Code shall apply when terms defined or construed in the
        construction             Code are used in this Plan.

8.02    Effective date    -    The effective date of this Plan is the first business day following
                               the date that is fourteen days after the entry of the order of
                               confirmation.  If, however, a stay of the confirmation order is in
                               effect on that date, the effective date will be the first business day
                               after the date on which the stay of the confirmation order expires or
                               is otherwise terminated.

8.03    Severability    -    If any provision in this Plan is determined to be unenforceable, the
                             determination will in no way limit or affect the enforceability and
                             operative effect of any other provision of this Plan.

8.04    Binding effect    -    The rights and obligations of any entity named or referred to in this
                               Plan will be binding upon, and will inure to the benefit of the
                               successors or assigns of such entity.

8.05    Captions    -    The headings contained in this Plan are for convenience of
                         reference only and do not affect the meaning or interpretation of this
                         Plan.

8.06    Controlling effect  -    Unless a rule of law or procedure is supplied by federal law
                                 (including the Code or the Federal Rules of Bankruptcy Procedure),
                                 the laws of the State of Ohio govern this Plan and any agreements,
                                 documents, and instruments executed in connection with this Plan,
                                 except as otherwise provided in this Plan.

8.07    Corporate    -    Jerad Miller, the sole and managing member of the Debtor will
                          continue to serve in in respective capacity for the Debtor after
                          Confirmation of this Plan.  He shall serve under applicable
                          nonbankruptcy law and the Debtor's Articles of incorporation and
                          bylaws, as each of the same may be amended from time to time.  Mr.
                          Miller shall be entitled to receive weekly compensation of $1,500.00
                          as salary until payments due under the Plan are complete.  Mr.
                          Miller's spouse, Carley Miller, is also employed by Debtor as a
                          manager and shall be entitled to receive weekly compensation of
                          $800.00 as salary until payments due under the Plan are complete.
                          There will be no change in salaries or management as a result of the
                          confirmation of this plan.

8.08    Default    -    In the event Debtor fails to make the payments in accordance with
                        the terms of the Plan, then any creditor, after providing notice of the
                        default to counsel for Debtor and after a period on no less than five
                        (5) business days to cure the alleged default, may file suit to collect

on its claim in the appropriate forum or bring any other appropriate remedy in the bankruptcy court under the circumstances.

## **Article 9: Discharge**

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before Confirmation of this Plan to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), Confirmation of this Plan does not discharge any debt until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Bankruptcy Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Bankruptcy Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## **Article 10: Other**

| | | | |
|---|---|---|---|
| 10.01 | Plan Payments | - | Unless specified otherwise in the Plan, whether the Plan is confirmed under §1191(a) or (b), payments due under the Plan shall be made by the Debtor. |
| 10.02 | Vesting | - | The confirmation of the plan vests all the property of the estate in the Debtor. |
| 10.03 | Reporting Requirements | - | The Debtor shall file with the Court no later than 21 days after the end of each quarter after the Effective Date, post-confirmation quarterly financial reports (the "Quarterly Reports") during the Plan term. |
| | | | If the Plan is confirmed under § 1191 (b) the following provisions shall also apply: |

The Debtor shall file any additional reports as prescribed by the Court and submit a copy of those reports to the United States Trustee for review, during the period in which the Debtor continues to make plan payments. Upon completion of all plan payments, the Debtor shall submit a notice of completion, so that the Subchapter V Trustee can prepare and submit the final report and final account of the administration of the estate to the United States Trustee for review pursuant to section 1183(b)(1).

Additionally, the Debtor shall provide the Subchapter V Trustee with a quarterly summary of all payments made by the Debtor pursuant to Plan on or before the following dates:

- October 15, 2024
- January 15, 2025
- April 15, 2025

- July 15, 2025
- October 15, 2025
- January 15, 2026
- April 15, 2026
- July 15, 2026
- October 15, 2026
- January 15, 2027
- April 15, 2027
- July 15, 2027

10.04   Discharge of the   -   If the Plan is confirmed pursuant to section 1191(a), in
       Duties of the        accordance with section 1183(c)(1), the Subchapter V Trustee's
       Subchapter V Trustee   shall automatically terminate upon the Plan's substantial
consummation, except that the United States Trustee may reappoint
a trustee as needed for performance of duties under sections
1183(b)(3)(C) and 1185.

If the Plan is confirmed pursuant to section 1191(b) of the
Bankruptcy Code, the Trustee shall not be discharged of her duties
until after completion by the Debtor of all payments due under the
Plan, at which point the Trustee shall file a final report and account
seeking, inter alia, to be discharged of her duties.

10.05   Tax Consequences of the Plan -

The following are the anticipated tax consequences of the Plan:

*(a) Tax consequences to the Debtor of the Plan*

The filing of a chapter 11 bankruptcy petition may have tax consequences which will
impact upon the ability of the Debtor to complete the chapter 11 plan. It is submitted that after a
review of the circumstances involved in this case, confirmation of the plan as proposed will have
no substantial negative impact upon the ability of the Debtor to meet its obligations to pay federal,
state, and local income taxes, and therefore, will not impact negatively on the ability of the Debtor
to complete the Plan. The Debtor remains liable for any newly incurred tax liabilities and must
continue to pay taxes as incurred. Certain tax claims incurred within certain time frames may be
dischargeable depending on certain circumstances and will be treated as unsecured claims.

*(b) Tax Consequences on Creditors of the Estate*

Tax consequences of the Plan to the creditors may vary among the creditors and will
depend upon a number of factors including, whether a creditor reports income on a cash or accrual
basis, whether a creditor receives consideration during one or more tax years of the creditor, and
whether the creditor previously claimed a tax loss with respect to some or all of its claim. Because
the final outcome depends so much on each creditor's situation, it is imperative that each creditor
seek individual tax counsel for advice on its particular situation.

***Creditors Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/or Advisors.***

10.06    Unclaimed Distributions -

To the extent that the holder of an allowed claim fails to negotiate a check, pursuant to Article VII of the Plan, after six (6) months following the date the distribution is made to the holder of the allowed claim, the amount of such cash shall, pursuant to Section 347 of the Code, remain the property of the Debtor, free and clear of all claims.

10.07    Revocation or Withdrawal -

Debtor reserves the right to revoke and withdraw this Plan at any time prior to its Effective Date.  If the Debtor revokes or withdraws the Plan, whether or not the Plan has been confirmed, the Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed either to constitute a waiver or release of any Claims by or against the Debtor or any other entity or to prejudice in any manner the rights of the Debtor or any other entity in any further proceedings involving the Debtor.

10.08    Final Decree –

The Debtor shall file a motion for a discharge, final decree, and closing of the case after all payments pursuant to the Plan have been made. Fed. R. Bankr. P. 3022. If confirmed under 11 U.S.C. §1191(a), the Plan or Reorganization should provide that no later than fourteen (14) days after the plan's substantial consummation, the Debtor shall also (i) file the notice required under section 1183(c)(2), and (ii) as soon as practicable, file a motion for the case to be closed and for a final decree.

Dated: May 31, 2024

/s/ Jerad Miller
ACME HOSPITALITY, LLC
*By Jerad Miller, Sole Member*

Prepared by,

/s/ Steven J. Heimberger
**STEVEN J. HEIMBERGER (0084618)**
*Attorney for the Debtor and*
*Debtor-in-Possession*
50 S. Main St., 10th Floor
Akron, Ohio 44308
(330) 434-3000, telephone
(330) 434-9220, fax
Email: sheimberger@rlbllp.com

**Exhibit A – Ch 7 Liquidation Analysis - Pursuant to 11 USC §1190(1)(b)**

**ACME Hospitality, LLC – Estitmated Liquidation Value of Assets**

| Asset | Scheduled Value (11/1/23) | Probable FMV as of Confirmation | Secured Lien | Creditor | Cost of Sale* | Net Liquidation Value |
|---|---|---|---|---|---|---|
| Cash/Liquid Assets | $ 9,321.01 | $ 20,000.00 | | | $ - | $ 20,000.00 |
| Accounts Receivable | $ 11,100.00 | $ 3,000.00 | | | $ - | $ 3,000.00 |
| Foodstuffs | $ 7,500.00 | $ 7,500.00 | | | 750.00 | $ 6,750.00 |
| Pizza shop/Kitchen Equip./tables/chairs | $ 35,000.00 | $ 35,000.00 | 48,887.90 | Huntinton National Bank (blanket lien on substantially all assets) | $ 3,500.00 | $ 31,500.00 |
| | | | | | | $ 61,250.00 |
| **Other Assets** | | | | | | |
| 2021 BMW X1 | $ 24,701.00 | $ 22,500.00 | 22,571.00 | BMW Financial Services | $ 2,250.00 | $ - |
| Employee Retention Credit | $ 221,965.22 | $ - | 184,162.56 | Itria Ventures LLC | $ - | $ - |

Liquidation Value of Assets in Chapter 7 = $ 61,250.00

**Less:** Secured Claim $ (48,887.90)
Estimated Administrative Claims $ (25,000.00)
Net available for unsecured claims $ -
Total unsecured claims $ 1,301,755.79

Percentage distribution to Unsecured Creditors in a Chapter 7 = 0%

Percentage distribution to Unsecured Creditors in a Chapter 11 = 2.77%

**Notes**

*Estimated 10% cost of sale

Payments to Creditors Within 90-days of Petition Date

| Vendor/Lender | Total Payments |
|---|---|
| Shift 4 | $ 12,009.50 |
| Gordon Food | $ 30,257.22 |
| PFS Ohio Pizza | $ 21,744.84 |
| East Hudson Capital | $ 88,470.00 |
| Hillcrest | $ 96,382.89 |
| OnDeck | $ 30,460.55 |
| Fenix | $ 9,975.00 |
| MCA Servicing | $ 37,583.00 |
| SBA | $ 10,980.00 |
| Bluevine Capital | $ 13,381.74 |
| Bizfund | $ 42,000.00 |

EXHIBIT C - FINANCIAL PROJECTIONS

| ACME 3 YR CASH PROJECTION | | Aug-24 | Sep-24 | Oct-24 | Nov-24 | Dec-24 | Jan-25 |
|---|---|---|---|---|---|---|---|
| Ordinary Income/Expense | | | | | | | |
| Income | | | | | | | |
| Sales | | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 |
| Sales Tax | | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 |
| Total Income | | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 |
| Cost of Goods Sold | | | | | | | |
| Food Purchases | | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 |
| Merchant Account Fees | | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 |
| Restaurant Supplies | | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 |
| Total COGS | | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 |
| Gross Profit | | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 |
| Expense | | | | | | | |
| Advertising and Promotion | | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 |
| Automobile Express | | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 |
| Bank Service Charges | | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 |
| Broker Fee | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer and Internet Expenses | | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 |
| Dues and Subscriptions | | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 |
| Insurance Expense | | | | | | | |
| Workers Compensation | | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 |
| Insurance Expense - Other | | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 |
| Total Insurance Expense | | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 |
| Interest Expense | | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 |
| Office Supplies | | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 |
| On-line Order Fee | | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 |
| Payroll Expenses | | | | | | | |
| Federal 941 | | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 |
| Officer Wage | | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 |
| SUTA | | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 |
| Wage | | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 |
| Total Payroll Expenses | | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 |
| Postage | | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 |
| Bookkeeping/Payroll Fees | | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 |
| Rent Expense | | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 |
| Repairs and Maintenance | | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 |
| Professional Fees (Legal/Accounting) | | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Subchapter V Trustee Fees | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Taxes | | | | | | | |
| CAT | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Taxes | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone Expense | | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 |
| Vehicle Payments - Includes BMW | | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 |
| Utilities | | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 |
| Total Expense | | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 |
| Net Ordinary Income | | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 |
| Debt Service | | | | | | | |
| Class 1 | Huntington Bank | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 |
| Class 4 | Prorata Distribution | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Net Income | | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 |

* Debtor assumes a 5% increase in historical monthly sales due to combination of price increases and volume sales

** Debtor assumes a 3% increase in variable costs, and 6% increase in payroll costs

*** Debtor assumes any significant increase/decrease in sales will be offset by either corresponding food/labor costs or savings. Therefore projections are level.

| ACME 3 YR CASH PROJECTION | | Feb-25 | Mar-25 | Apr-25 | May-25 | Jun-25 | Jul-25 | Aug-25 |
|---|---|---|---|---|---|---|---|---|
| Ordinary Income/Expense | | | | | | | | |
| Income | | | | | | | | |
| Sales | | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 |
| Sales Tax | | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 |
| Total Income | | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 |
| Cost of Goods Sold | | | | | | | | |
| Food Purchases | | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 |
| Merchant Account Fees | | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 |
| Restaurant Supplies | | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 |
| Total COGS | | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 |
| Gross Profit | | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 |
| Expense | | | | | | | | |
| Advertising and Promotion | | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 |
| Automobile Express | | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 |
| Bank Service Charges | | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 |
| Broker Fee | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer and Internet Expenses | | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 |
| Dues and Subscriptions | | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 |
| Insurance Expense | | | | | | | | |
| Workers Compensation | | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 |
| Insurance Expense - Other | | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 |
| Total Insurance Expense | | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 |
| Interest Expense | | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 |
| Office Supplies | | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 |
| On-line Order Fee | | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 |
| Payroll Expenses | | | | | | | | |
| Federal 941 | | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 |
| Officer Wage | | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 |
| SUTA | | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 |
| Wage | | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 |
| Total Payroll Expenses | | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 |
| Postage | | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 |
| Bookkeeping/Payroll Fees | | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 |
| Rent Expense | | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 |
| Repairs and Maintenance | | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 |
| Professional Fees (Legal/Accounting) | | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Subchapter V Trustee Fees | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Taxes | | | | | | | | |
| CAT | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Taxes | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone Expense | | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 |
| Vehicle Payments - Includes BMW | | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 |
| Utilities | | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 |
| Total Expense | | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 |
| Net Ordinary Income | | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 |
| Debt Service | | | | | | | | |
| Class 1 | Huntington Bank | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 |
| Class 4 | Prorata Distribution | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Net Income | | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 |

\* Debtor assumes a 5% increase in historical monthly sales due to combination of price increases and volume sales

\*\* Debtor assumes a 3% increase in variable costs, and 6% increase in payroll costs

\*\*\* Debtor assumes any significant increase/decrease in sales will be offset by either corresponding food/labor costs or savings. Therefore projections are level.

| ACME 3 YR CASH PROJECTION | | Sep-25 | Oct-25 | Nov-25 | Dec-25 | Jan-26 | Feb-26 | Mar-26 |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| **Income** | | | | | | | | |
| Sales | | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 |
| Sales Tax | | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 |
| **Total Income** | | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 |
| **Cost of Goods Sold** | | | | | | | | |
| Food Purchases | | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 |
| Merchant Account Fees | | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 |
| Restaurant Supplies | | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 |
| **Total COGS** | | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 |
| **Gross Profit** | | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 |
| **Expense** | | | | | | | | |
| Advertising and Promotion | | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 |
| Automobile Express | | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 |
| Bank Service Charges | | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 |
| Broker Fee | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer and Internet Expenses | | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 |
| Dues and Subscriptions | | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 |
| Insurance Expense | | | | | | | | |
| Workers Compensation | | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 |
| Insurance Expense - Other | | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 |
| **Total Insurance Expense** | | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 |
| Interest Expense | | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 |
| Office Supplies | | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 |
| On-line Order Fee | | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 |
| Payroll Expenses | | | | | | | | |
| Federal 941 | | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 |
| Officer Wage | | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 |
| SUTA | | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 |
| Wage | | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 |
| **Total Payroll Expenses** | | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 |
| Postage | | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 |
| Bookkeeping/Payroll Fees | | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 |
| Rent Expense | | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 |
| Repairs and Maintenance | | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 |
| Professional Fees (Legal/Accounting) | | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Subchapter V Trustee Fees | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Taxes | | | | | | | | |
| CAT | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Taxes** | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone Expense | | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 |
| Vehicle Payments - Includes BMW | | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 |
| Utilities | | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 |
| **Total Expense** | | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 |
| **Net Ordinary Income** | | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 |
| **Debt Service** | | | | | | | | |
| Class 1 | Huntington Bank | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 |
| Class 4 | Prorata Distribution | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| **Net Income** | | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 |

\* Debtor assumes a 5% increase in historical monthly sales due to combination of price increases and volume sales

\*\* Debtor assumes a 3% increase in variable costs, and 6% increase in payroll costs

\*\*\* Debtor assumes any significant increase/decrease in sales will be offset by either corresponding food/labor costs or savings. Therefore projections are level.

| ACME 3 YR CASH PROJECTION | | Apr-26 | May-26 | Jun-26 | Jul-26 | Aug-26 | Sep-26 | Oct-26 |
|---|---|---|---|---|---|---|---|---|
| Ordinary Income/Expense | | | | | | | | |
| Income | | | | | | | | |
| Sales | | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 |
| Sales Tax | | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 |
| Total Income | | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 |
| Cost of Goods Sold | | | | | | | | |
| Food Purchases | | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 |
| Merchant Account Fees | | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 |
| Restaurant Supplies | | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 |
| Total COGS | | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 |
| Gross Profit | | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 |
| Expense | | | | | | | | |
| Advertising and Promotion | | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 |
| Automobile Express | | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 |
| Bank Service Charges | | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 |
| Broker Fee | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer and Internet Expenses | | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 |
| Dues and Subscriptions | | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 |
| Insurance Expense | | | | | | | | |
| Workers Compensation | | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 |
| Insurance Expense - Other | | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 |
| Total Insurance Expense | | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 |
| Interest Expense | | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 |
| Office Supplies | | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 |
| On-line Order Fee | | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 |
| Payroll Expenses | | | | | | | | |
| Federal 941 | | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 |
| Officer Wage | | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 |
| SUTA | | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 |
| Wage | | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 |
| Total Payroll Expenses | | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 |
| Postage | | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 |
| Bookkeeping/Payroll Fees | | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 |
| Rent Expense | | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 |
| Repairs and Maintenance | | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 |
| Professional Fees (Legal/Accounting) | | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Subchapter V Trustee Fees | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Taxes | | | | | | | | |
| CAT | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Taxes | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone Expense | | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 |
| Vehicle Payments - Includes BMW | | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 |
| Utilities | | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 |
| Total Expense | | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 |
| Net Ordinary Income | | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 |
| Debt Service | | | | | | | | |
| Class 1 | Huntington Bank | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 |
| Class 4 | Prorata Distribution | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Net Income | | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 |

* Debtor assumes a 5% increase in historical monthly sales due to combination of price increases and volume sales

** Debtor assumes a 3% increase in variable costs, and 6% increase in payroll costs

*** Debtor assumes any significant increase/decrease in sales will be offset by either corresponding food/labor costs or savings. Therefore projections are level.

| ACME 3 YR CASH PROJECTION | | Nov-26 | Dec-26 | Jan-27 | Feb-27 | Mar-27 | Apr-27 | May-27 |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| Income | | | | | | | | |
| Sales | | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 | 158518.19 |
| Sales Tax | | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 | -5531.91 |
| **Total Income** | | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 | 152986.27 |
| Cost of Goods Sold | | | | | | | | |
| Food Purchases | | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 | 65090.79 |
| Merchant Account Fees | | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 | 4217.30 |
| Restaurant Supplies | | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 | 1120.26 |
| **Total COGS** | | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 | 70428.35 |
| **Gross Profit** | | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 | 82557.92 |
| Expense | | | | | | | | |
| Advertising and Promotion | | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 | 272.98 |
| Automobile Express | | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 | 573.79 |
| Bank Service Charges | | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 | 83.34 |
| Broker Fee | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Computer and Internet Expenses | | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 | 637.34 |
| Dues and Subscriptions | | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 | 41.15 |
| Insurance Expense | | | | | | | | |
| Workers Compensation | | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 | 151.46 |
| Insurance Expense - Other | | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 | 1183.47 |
| **Total Insurance Expense** | | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 | 1334.93 |
| Interest Expense | | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 | 372.39 |
| Office Supplies | | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 | 195.25 |
| On-line Order Fee | | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 | 415.41 |
| Payroll Expenses | | | | | | | | |
| Federal 941 | | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 | 15935.12 |
| Officer Wage | | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 | 4793.54 |
| SUTA | | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 | 439.24 |
| Wage | | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 | 38154.14 |
| **Total Payroll Expenses** | | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 | 59322.04 |
| Postage | | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 | 18.81 |
| Bookkeeping/Payroll Fees | | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 | 831.26 |
| Rent Expense | | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 | 1802.19 |
| Repairs and Maintenance | | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 | 6520.74 |
| Professional Fees (Legal/Accounting) | | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| Subchapter V Trustee Fees | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Taxes | | | | | | | | |
| CAT | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Taxes** | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone Expense | | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 | 493.64 |
| Vehicle Payments - Includes BMW | | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 | 1665.27 |
| Utilities | | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 | 3540.82 |
| **Total Expense** | | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 | 79,621.35 |
| **Net Ordinary Income** | | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 | 2,936.57 |
| Debt Service | | | | | | | | |
| Class 1 | Huntington Bank | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 | 1104.00 |
| Class 4 | Prorata Distribution | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 |
| **Net Income** | | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 | 832.57 |

**\* Debtor assumes a 5% increase in historical monthly sales due to combination of price increases and volume sales**

**\*\* Debtor assumes a 3% increase in variable costs, and 6% increase in payroll costs**

**\*\*\* Debtor assumes any significant increase/decrease in sales will be offset by either corresponding food/labor costs or savings. Therefore projections are level.**

| ACME 3 YR CASH PROJECTION | | Jun-27 | Jul-27 |
|---|---|---|---|
| **Ordinary Income/Expense** | | | |
| Income | | | |
| Sales | | 158518.19 | 158518.19 |
| Sales Tax | | -5531.91 | -5531.91 |
| **Total Income** | | 152986.27 | 152986.27 |
| Cost of Goods Sold | | | |
| Food Purchases | | 65090.79 | 65090.79 |
| Merchant Account Fees | | 4217.30 | 4217.30 |
| Restaurant Supplies | | 1120.26 | 1120.26 |
| **Total COGS** | | 70428.35 | 70428.35 |
| **Gross Profit** | | 82557.92 | 82557.92 |
| Expense | | | |
| Advertising and Promotion | | 272.98 | 272.98 |
| Automobile Express | | 573.79 | 573.79 |
| Bank Service Charges | | 83.34 | 83.34 |
| Broker Fee | | 0.00 | 0.00 |
| Computer and Internet Expenses | | 637.34 | 637.34 |
| Dues and Subscriptions | | 41.15 | 41.15 |
| Insurance Expense | | | |
| Workers Compensation | | 151.46 | 151.46 |
| Insurance Expense - Other | | 1183.47 | 1183.47 |
| **Total Insurance Expense** | | 1334.93 | 1334.93 |
| Interest Expense | | 372.39 | 372.39 |
| Office Supplies | | 195.25 | 195.25 |
| On-line Order Fee | | 415.41 | 415.41 |
| Payroll Expenses | | | |
| Federal 941 | | 15935.12 | 15935.12 |
| Officer Wage | | 4793.54 | 4793.54 |
| SUTA | | 439.24 | 439.24 |
| Wage | | 38154.14 | 38154.14 |
| **Total Payroll Expenses** | | 59322.04 | 59322.04 |
| Postage | | 18.81 | 18.81 |
| Bookkeeping/Payroll Fees | | 831.26 | 831.26 |
| Rent Expense | | 1802.19 | 1802.19 |
| Repairs and Maintenance | | 6520.74 | 6520.74 |
| Professional Fees (Legal/Accounting) | | 1000.00 | 1000.00 |
| Subchapter V Trustee Fees | | 500.00 | 500.00 |
| Taxes | | | |
| CAT | | 0.00 | 0.00 |
| **Total Taxes** | | 0.00 | 0.00 |
| Telephone Expense | | 493.64 | 493.64 |
| Vehicle Payments - Includes BMW | | 1665.27 | 1665.27 |
| Utilities | | 3540.82 | 3540.82 |
| **Total Expense** | | 79,621.35 | 79,621.35 |
| **Net Ordinary Income** | | 2,936.57 | 2,936.57 |
| Debt Service | | | |
| Class 1 | Huntington Bank | 1104.00 | 1104.00 |
| Class 4 | Prorata Distribution | 1000.00 | 1000.00 |
| **Net Income** | | 832.57 | 832.57 |

\* Debtor assumes a 5% increase in historical monthly sales due to combination of price increases and volume sales

\*\* Debtor assumes a 3% increase in variable costs, and 6% increase in payroll costs

\*\*\* Debtor assumes any significant increase/decrease in sales will be offset by either corresponding food/labor costs or savings. Therefore projections are level.

**Projected Claims Distribution**

| | | Claim Amount | | Proposed Distribution |
|---|---|---|---|---|
| **Disbursements** | | | | |
| Unclassified Claims | | $ | 1,935.29 | Paid Upon Confirmation |
| Class 1 Claim - Huntington National Bank (POC 8) | | $ | 48,887.90 | Unimpaired - Paid as Agreed |
| Class 2 Claim - BMW Financial Services (POC 13) | | $ | 22,571.69 | Unimpaired - Paid as Agreed |
| Class 3 Claim - Itria Ventures, LLC (POC 12) | | $ | 184,162.56 | Surrender Collateral |
| Class 4 Claims (Provided for Below) | | | | |
| Class 5 Claim - Equity Interests | | n/a | | Equity Holders Shall Retain Interest |

| Creditor Claims (Filed) | Claim Class | Claim Amount | | Paid Prorata Per Plan |
|---|---|---|---|---|
| (1) Bitty Advance | 4 | $ | 32,009.00 | 886.65 |
| (2) Spectrum | 4 | $ | 1,064.54 | 29.49 |
| (4) JP Morgan Chase | 4 | $ | 4,581.83 | 126.92 |
| (5) Ohio Edison | 4 | $ | 814.51 | 22.56 |
| (6) Capital One, NA | 4 | $ | 588.72 | 16.31 |
| (7) American Express National Bank | 4 | $ | 4,278.60 | 118.52 |
| (8) Huntington National Bank (Unsecured Claim) | 4 | $ | 47,627.31 | 1,319.28 |
| (9) ODK Capital, LLC | 4 | $ | 111,338.59 | 3,084.08 |
| (10) Bluevine, Inc. | 4 | $ | 55,539.84 | 1,538.45 |
| (11) Innvation Refunds | 4 | $ | 55,491.33 | 1,537.11 |
| (14) US Small Business Administration | 4 | $ | 742,780.83 | 20,575.03 |
| **Creditor Claims (Scheduled – Undisputed)** | | | | |
| Bizfund | 4 | $ | 39,050.00 | 1,081.69 |
| Cloudfund | 4 | $ | 42,971.00 | 1,190.30 |
| East Hudson Capital | 4 | $ | 136,334.00 | 3,776.45 |
| Columbia Gas of Ohio | 4 | $ | 1,934.55 | 53.59 |
| Creative Colors, LLC | 4 | $ | 16,800.00 | 465.36 |
| First National Bank of Omaha | 4 | $ | 8,551.14 | 236.87 |
| **Total Disbursements** | | | | |

| | | | |
|---|---|---|---|
| | Total of Class 4 Claims = | $ | 1,301,755.79 |
| Class 4 Claim Distribution - $36k | Dividend | | 2.77% |