IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| ACME HOSPITALITY, LLC | ) | CASE NO. 24-50077 |
| | ) | |
| Debtor and Debtor-in-Possession | ) | JUDGE KOSCHIK |
| | ) | |
| (Employer Tax I.D. No 82-2645533) | ) | |

**MOTION OF DEBTOR FOR**
**FINAL DECREE CLOSING CHAPTER 11 CASE**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves this Court pursuant to Sections 350(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for a final decree closing this Chapter 11 case and for cause states as follows:

## Background

1. On January 22, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief. The Debtor is in continuing possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On August 1, 2024, this Court entered an order granting confirmation of the Debtor's plan of reorganization [Dkt. No. 93].

3. The effective date of the plan is August 15, 2024.

4. Concurrent with the filing of this motion, the Debtor filed i) a notice of substantial consummation of plan, and ii) all outstanding professional fee applications. Following the disposition of the pending fee applications and payment of approved fees to professionals, there are no other outstanding matters upon which this Court need rule in the Chapter 11 proceeding.

5. Bankruptcy Code § 350(a) provides that the Court shall close a case after the estate has been fully administered. In addition, Bankruptcy Rule 3022 provides that, after an estate is fully administered in a Chapter 11 reorganization case, the Court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case.

6. The advisory committee notes for the Federal Rule of Bankruptcy Procedure 3022 state "Entry of a final decree closing a Chapter 11 case should not be delayed solely because the payments required by the plan have not yet been completed."

7. The order confirming plan is final and the Debtor has commenced making payments pursuant to the plan and concluded all litigation related to avoidance actions.

8. The Debtor has paid all court costs and United States Trustee fees are not applicable in subchapter V cases.

9. Based on the foregoing, the Debtor submits that its estate is fully administered as required by Bankruptcy Code § 350(a) and Bankruptcy Rule 3022 and therefore this Chapter 11 case should be closed.

**WHEREFORE**, the Debtor respectfully requests this Court enter a final decree closing this Chapter 11 proceeding, and for such other and further relief as the Court may deem appropriate.

Date: May 4, 2025.                                    Roderick Linton Belfance LLP

/s/ Steven J. Heimberger
STEVEN J. HEIMBERGER (#0084618)
50 South Main Street, 10th Floor
Akron, Ohio 44308
Tele: (330) 434-3000
Fax: (330) 434-9220
sheimberger@rlbllp.com
*Counsel for Debtor and Debtor In Possession*